IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERI C.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:24-CV-00223-Z-BU |
| FRANK BISIGNANO, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) of the Social Security Act (SSA). Dkt. No. 25. After reviewing the record and applicable law, the undersigned recommends that the Motion be GRANTED.

## I. BACKGROUND

On October 10, 2024, Plaintiff filed a Complaint seeking judicial review of the decision of the Commissioner of Social Security denying her disability insurance benefits under Title II of the SSA and Supplementary Security Income benefits under Title XVI of the SSA. Dkt. No. 1. The Commissioner filed the administrative record on December 9, 2024. Dkt. No. 11. On February 21, 2025, Plaintiff then filed a Motion to Remand the case to the Social Security Administration; the Commissioner likewise filed an Unopposed Motion to Remand the case for reconsideration on April 21, 2025. Dkt. Nos. 15, 19. The

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

Motion to Remand was granted by the Court. Dkt. Nos. 20–22.

Plaintiff then filed an Unopposed Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), requesting $10,000.00 in attorney's fees. Dkt. No. 23.[2] The Commissioner did not file a response to the motion. The Court determined that the number of hours and hourly rate requested were reasonable and granted the motion. Dkt. No. 24.

Now before the Court is Plaintiff's Motion for § 406(b) Attorney Fees, Dkt. No. 25, which was automatically referred to the undersigned under Special Order 3-350. FED. R. CIV. P. 54(d)(2)(D). Following remand, the Commissioner issued a favorable determination that Plaintiff was disabled. Dkt. No. 25 at 2. On March 29, 2026, Plaintiff received a Notice of Award informing her of entitlement to past-due benefits in the amount of $66,729.90, of which 25%—or $16,682.48—was withheld for attorney's fees. Dkt. Nos. 25 at 2–3; 25-1; 25-2 at 5. Plaintiff seeks an additional $420.50 in attorney fees because the only months in which Title XVI and Title II benefits are not concurrent for windfall offset purposes are January 2022 through February 2022. Title XVI back benefits for this period total $1,682, and 25% of that amount if $402.50. Dkt. No. 25 at 4 fn.1. Thus, Plaintiff's attorney seeks a fee authorization for a total of $17,102.98.

However, counsel requests an award of only $7,102.98 to account for the $10,000.00 EAJA fee previously awarded. Dkt. No. 25 at 3. Twenty-five percent of past-due benefits is the statutory maximum an attorney can request under the SSA, as well as the amount the Plaintiff contractually agreed to pay her attorney. Dkt. Nos. 25 at 3, 25-2 at 17–18.

---

[2] Although Plaintiff was entitled to $10,962.76 in attorney's fees under the EAJA, Plaintiff and the Commissioner agreed upon a reduced EAJA fee request of $10,000.00. Dkt. No. 23 at 4.

Plaintiff's attorney, Bryan Konoski, states that he spent 45.2 hours working on Plaintiff's case. Dkt. No. 25-2 at 20. When describing his experience, Konoski states that his firm specializes in Social Security Disability appeals across the country; in the year 2024, his firm filed "nearly 500 federal appellate briefs" in social security disability cases. Dkt. No. 25 at 5–6.  The Commissioner has not filed a response to Plaintiff's Motion; when conferring with Plaintiff, Commissioner's counsel expressed neither support nor opposition to the motion. Dkt. No. 25-1.

## II.  DISCUSSION

Section 206(b)(1)(A) of the Social Security Act states that,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). This provision does not displace contingent-fee agreements, but rather provides "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Contingent fee contracts that provide for fees more than 25% are considered unreasonable and consequently unenforceable. *Id.* at 807–08. A court may reduce a fee depending on "the character of the representation and the results the representative achieved." *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*,

622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

An attorney seeking to recover a fee has the burden of showing that the fee requested is reasonable. Courts typically use the lodestar method to evaluate the reasonableness of attorney fees; however, the Supreme Court has held that this method does not apply to applications for attorney fees under § 406(b)(1)(A) because § 406(b) does not allow recovery from the losing party. *Gisbrecht*, 535 U.S. at 801–02. The Fifth Circuit has recognized several factors courts should consider when evaluating a § 406(b)(1)(A) claim for attorney fees. These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381–82.

Here, application of these factors supports an award of $7,102.98 to Attorney Konoski. As noted in Plaintiff's motion, accepting Plaintiff's case on contingency carried a considerable risk of non-payment. Dkt. No. 25 at 3–4. There is an inherent risk of loss involved in Social Security appeals that commonly results in a lack of compensation to the attorney. *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

Additionally, Plaintiff's attorneys have detailed their significant experience in the field of Social Security law. *See* Dkt. No. 25 at 5–7. Plaintiff agreed that her attorneys would receive 25% of past due benefits if Plaintiff received a favorable outcome. Dkt. No. 25-2 at 17–18. The total fee authorization requested represents the accepted 25% of the

past-due benefits owed to Plaintiff. Dkt. 25 at 3–5. Plaintiff's favorable outcome was un-doubtedly valuable to her as it resulted in past due benefits dating back to March 2022, and Plaintiff will continue to receive benefits in the future. Dkt. No. 25-2 at 2–4. And Plaintiff's case likely presented some degree of difficulty as it had been unsuccessful throughout the administrative process.[3] The undersigned therefore concludes that an award of fees is ap-propriate under § 406(b).

The undersigned notes that the § 406(b) award sought by Plaintiff's counsel has been reduced by the $10,000.00 EAJA fee previously received. Dkt. No. 25 at 3. The typ-ical approach to resolving a lesser EAJA and a greater § 406(b) fee awards is to grant counsel the full § 406(b) fee, and order counsel to return the prior EAJA award to the plaintiff.[4] The approach proposed by Plaintiff's counsel would result in the same practical outcome, but has nonetheless been discouraged because it delegates counsel's duty to re-turn the EAJA award to the Commissioner.[5] The undersigned concludes that it is proper to award the full § 406(b) fee to counsel, and order them to return the EAJA award to Plaintiff.

For these reasons, the undersigned RECOMMENDS that the Motion, Dkt. No. 25,

---

[3] *See, e.g.*, *Adrienne W. v. Saul*, No 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *report and rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020); *Cullar v. Saul*, No. 7:19-CV-00027-O-BP, 2021 WL 295842 (N.D. Tex. Jan. 8, 2021), *report and rec. adopted*, No. 7:19-CV-00027-O-BP, 2021 WL 289270 (N.D. Tex. Jan. 28, 2021) ("The fact that Plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues . . . [his attorney] confronted in pursuing the case in this Court.").

[4] When an attorney has been awarded a fee under both the EAJA and § 406(b), the attorney must refund to the Plaintiff the lesser fee. H.R. Rep. No. 120, 99th Cong. 1st Sess. 19, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148; *see also Gisbrecht*, 535 U.S. at 796.

[5] *See McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006). While the Fifth Circuit has not addressed the proper method for awarding net fees under the EAJA, the Seventh and Tenth Circuits have both con-cluded that counsel should return the full EAJA fee. *Chandler v. Kijakazi*, No. 4:20-CV-517-ALM-KPJ, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023), *report and recommendation adopted,* No. 4:20-CV-517-ALM-KPJ, 2023 WL 3819191 (E.D. Tex. June 5, 2023).

be GRANTED, and that Plaintiff's attorneys be awarded attorney fees in the amount of $17,102.98 under 42 U.S.C. § 406(b), to be certified and disbursed by the Commissioner. The undersigned further RECOMMENDS that Plaintiff's attorneys be ordered to promptly return to Plaintiff the $10,000.00 attorney fee previously awarded under the EAJA.

### III.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 8th day of May 2026.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

6